UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CALVIN CARTWRIGHT,

    Petitioner,

v.

KENNETH QUINN,

    Respondent.

Case No. C07-1915 RJB

ORDER DENYING CERTIFICATE OF APPEALABILITY

This matter comes before the court on the Petitioner's Notice of Appeal. Dkt. 23. The court has reviewed the relevant documents and the record herein.

PROCEDURAL HISTORY

On April 1, 2008, the court issued an Order Denying Petition for Habeas Corpus, concluding that grounds 3a (ineffective assistance of trial counsel) and 4 of the Petitioner's habeas petition were unexhausted and procedurally barred, and that the remaining issues 1, 2, and 3b (ineffective assistance of appellate counsel) did not merit habeas relief. Dkt. 21. With respect to the first issue, the court found that the Petitioner had already had the opportunity for full litigation in state court, and pursuant to *Stone v. Powell*, Fourth Amendment protection against unlawful search and seizure is not extended to habeas corpus cases where the state has provided the opportunity for full litigation. Dkt. 21 at 6-7; *see also Stone v. Powell,* 428 U.S. at 493-94. The court found that the Petitioner's second issue and

Order- 1

second part of the third issue also did not merit habeas corpus relief because the state court's adjudication was not contrary to, or involved an unreasonable application of, law clearly established by the United States Supreme Court.  Dkt. 21 at 7-10; *see also* 28 U.S.C. 2254(d)(1).

Petitioner has now appealed to the U.S. Court of Appeals for the Ninth Circuit and has requested that the court issue a Certificate of Appealability pursuant to 28 U.S.C. § 2253(c) on the following issues: (1) Whether a constitutional matter was raised with regard to *Stone v. Powell* when the Petitioner's identification was taken during his arrest; (2) whether the Petitioner has the mandatory right to an evidentiary hearing in federal court or whether the Petitioner has the right to a hearing on whether the failure to raise the Fourteenth Amendment with the Sixth Amendment was due to ineffective assistance of counsel; (3) whether the Court of Appeals should clarify whether the "prior conviction" exception of *Almendarez-Torres* remains valid following *Apprendi, Ring,* and *Blakely,* and if so, clarify the exception's limits; (4) whether ineffective assistance of counsel still pertains to the right to a mandatory evidentiary hearing on there being a Fourth Amendment constitutional matter of protecting the accused from self-incrimination after arrest; and (5) whether DNA evidence caused a prejudicial effect that denied the Petitioner a fair trial in violation of the Fifth and Sixth Amendments?  Dkt. 23.

## STANDARD FOR GRANTING A CERTIFICATE OF APPEALABILITY

The district court should grant an application for a Certificate of Appealability only if the petitioner makes a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  To obtain a Certificate of Appealability under 28 U.S.C. § 2253(c), a habeas petitioner must make a showing that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.  *Slack v. McDaniel*, 120 S. Ct. 1595, 1603-04 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).  When the court denies a claim on procedural grounds, the petitioner must show that jurists of reason would find it debatable whether the petition

Order- 2

1  states a valid claim of the denial of a constitutional right and that jurists of reason would find it
2  debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 120 S.
3  Ct. at 1604.

## DISCUSSION

This court dismissed claims 3a and 4 as unexhausted and procedurally barred. Dkt. 21. These issues were therefore dismissed on procedural grounds. There is nothing in the record that would support a conclusion that jurists of reason would find it debatable whether these issues state valid claims of the denial of a constitutional right, and that jurists of reason would find it debatable whether this court was correct in its procedural ruling. Petitioner's unexhausted and procedurally barred claims are not cognizable in this petition.

With regard to claims 1, 2, and 3b, which the court reached on the merits, the court carefully reviewed the record and determined that these claims did not warrant habeas relief. In his request for a Certificate of Appealability, the Petitioner raises the same claims that were carefully reviewed by this court on *de novo* review. Petitioner has not shown that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.

The Certificate of Appealability should be denied.

Accordingly, it is hereby **ORDERED** that petitioner's Notice of Appeal (Dkt. 23) is **DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 16th day of May, 2008.

/s/ Robert J. Bryan
ROBERT J. BRYAN
United States District Judge

Order- 3